**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0821n.06

No. 10-5769

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Dec 08, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JAMES ANDERSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE  MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| VANDERBILT UNIVERSITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE:  GUY, KETHLEDGE, and WHITE, Circuit Judges.

PER CURIAM.  Plaintiff James Anderson appeals a district court's grant of summary judgment to the defendant, Vanderbilt University, on his claims of breach of contract, negligence, and promissory and equitable estoppel.  For the following reasons, we affirm.

Anderson was an undergraduate student at the University at the time of the events giving rise to this lawsuit.  On December 12, 2007, Anderson took a test in his Physics laboratory class, taught by Professor Kenneth Schriver.  Anderson answered just one of the fifteen test questions correctly, and thirteen of his answers were the same as those of the student sitting next to him, who was taking a different version of the test.  Based on the similarity between the test answers and a review of the notations on Anderson's test, Schriver reported the matter to the University's Honor Council.  On January 16, 2008, Anderson appeared before a panel of the Honor Council, which found him guilty of receiving unauthorized assistance on the test.  Because it was Anderson's second violation of the University's Honor Code, the Honor Council sanctioned him with expulsion.

The Appellate Review Board ("the Board") remanded the case for a new hearing, concluding that Anderson was not given the opportunity to fully present his account of the events in question. The second hearing panel found Anderson guilty by a unanimous vote, and that decision was affirmed by the Board. Anderson was expelled at the end of the Fall 2008 semester.

Anderson then filed the instant action, asserting, *inter alia*, that the University was negligent and breached its implied contract of good faith and fair dealing by finding him guilty without clear and convincing evidence, appointing a presiding officer for the second hearing who was aware of his prior Honor Code violation and the outcome of the first hearing, and improperly dismissing most of his second appeal petition. The district court granted summary judgment to the University on all of Anderson's claims. Anderson now appeals.

We review the district court's grant of summary judgment de novo. *Parsons v. City of Pontiac*, 533 F.3d 492, 499 (6th Cir. 2008). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Tennessee Supreme Court "has not . . . enunciated the standard which should be applied in a dispute arising out of the university-student relationship." *Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 577 (6th Cir. 1988). Generally, however, the relationship between a student and a private university "is contractual in nature." *Id.* (applying Tennessee law). Accordingly, a student may raise breach of contract claims arising from a university's alleged failure to comply with its rules governing disciplinary proceedings. *See Atria v. Vanderbilt Univ.*, 142 F. App'x 246, 255-56 (6th Cir. 2005). In construing the terms of the implied contract, however, we have assumed that the Tennessee courts "would adopt the deferential standard of reasonable expectation – what meaning

the party making the manifestation, the university, should reasonably expect the other party to give it." *Doherty*, 862 F.2d at 577 (internal quotation marks omitted).

Anderson first argues that, by finding him guilty after the first hearing, the Honor Council violated the provision of the Student Handbook that requires "clear and convincing" proof of guilt. Unlike the plaintiff in *Atria*, Anderson does not allege a procedural error by the Honor Council; he simply argues that it reached the wrong result. But the record before the Honor Council contained ample evidence to support its decision under a "clear and convincing" standard, in particular the fact that Anderson's answers were almost identical to another student's and could not be explained by the notations he made on his test or his post hoc reasoning. Absent any allegation that the Honor Council failed to comply with the relevant procedural requirements, we decline to construe the Student Handbook as requiring a particular outcome. Accordingly, the district court properly granted summary judgment to the University on this claim, as well as on Anderson's related claim that the Board should have reversed the Honor Council's guilty finding based on insufficient evidence.

Anderson next raises breach of contract and promissory estoppel claims arising from the fact that the presiding officer at the second hearing was aware of the result of the first hearing and Anderson's prior Honor Code violation. Anderson argues that the presiding officer should not have received information concerning the first hearing because the Board's remand order directed that the second hearing be conducted by a new panel with a new presiding officer. But even if the remand order had contractual force, there was no breach because the second hearing did have a new presiding officer and new members. Similarly, Anderson cannot demonstrate that the University reneged on a promise not to disclose his prior Honor Code violation to the panel during the guilt phase of the second hearing. Anderson relies on an email sent by a University attorney, John

Callison, stating that: "References in the investigators' packet . . . regarding Mr. Anderson's disclosure to them about his previous Honor Council conviction will be removed. Information relative to this previous conviction will be brought forth only if he is convicted at the upcoming hearing since prior convictions would be relevant in the determination of an appropriate sanction." Even if this email could be construed as binding on the University, Anderson has failed to show a breach because his previous Honor Code violation was not raised during the guilt phase of the hearing, which is all that was promised. Accordingly, summary judgment was proper on these claims as well.

Anderson also argues that, by allowing his professor to testify at the second hearing that notations made by Anderson on his test were evidence of copying, the University violated a provision of the Student Handbook that directs the accuser to provide "a general account of the events in question." But the handbook neither bars accusers from offering opinion testimony nor places any other limitation on the type of testimony they may offer. Accordingly, the University did not violate any of its own rules by allowing this testimony.

Anderson's remaining arguments relate to his second appeal. First, Anderson argues that the Board Chair, Charles Brau, violated Board procedures by not allowing portions of his appeal petition to proceed to a panel. The relevant provision directs the Chair to review a petition upon receipt "to determine whether it, when considered in the light most favorable to the Petitioner, sets forth a basis sufficient to provide the relief sought by the Petitioner. If the Chair determines that the petition does not set forth a basis sufficient to provide the relief, the Chair will dismiss the petition (or such parts of the petition that the Chair has determined do not set forth a basis sufficient to provide relief). The Chair's decision is final."

In contrast to Anderson's first appeal, which challenged the Honor Council's decision on the grounds of an alleged procedural irregularity, new evidence, and insufficiency of the evidence, the stated basis for Anderson's second appeal was that the evidence was insufficient to support a finding of guilt. The petition, however, included four parts, raising both evidentiary and procedural issues: Section A, arguing that the presiding officer misled Anderson after the hearing by promising to answer questions regarding the panel's decision and its impartiality but then refusing to do so; Section B, arguing that the panel did not have a proper understanding of the "clear and convincing" evidentiary standard and improperly shifted the burden of proof; Section C, arguing that the presiding officer had improper knowledge of his prior Honor Code violation, that the testimony concerning the notations on his exam was speculative and unduly prejudicial, and that members of the panel were indifferent or antagonistic toward him during the hearing; and Section D, arguing that the evidence did not support a finding of guilt. Brau forwarded Section D to a panel for review but dismissed the remaining sections, reasoning that Section A related to events that occurred after the Honor Council reached its decision and therefore could not be considered by the Board, that Section B was not relevant to the Board's decision because it relied on definitions of the "clear and convincing" standard that did not govern the Honor Council proceeding, and that Section C related to procedural matters that were not relevant to the stated basis for the appeal, i.e., insufficient evidence.

In *Atria*, we concluded that there was a genuine issue of fact as to whether the University violated its own rules by allowing the Board Chair to dismiss a petition unilaterally because, at that time, the Board's written procedures required initial review by a panel. *See* 142 F. App'x at 255-56. In this case, on the other hand, both the Student Handbook and the Board's written procedures gave

Brau the sole discretion to determine whether the arguments raised in Anderson's petition were sufficient to provide the relief that he requested, i.e., a reversal of the Honor Council's decision based on a lack of evidence. Brau forwarded the portion of the petition that he deemed relevant to that issue. Thus, unlike the plaintiff in *Atria*, Anderson has failed to raise a factual issue as to whether the University violated its own rules by dismissing the remainder of his petition.

Finally, Anderson argues that Brau violated Board procedures by stating, in his summary of the evidence, that the "statistical likelihood" of Anderson's having thirteen of fifteen identical answers to the student sitting next to him was "less than one in two *billion*," a statistic that was not presented to the Honor Council. According to the Board's procedures, its review is "based only on the record," i.e., "the evidence presented to the original hearing authority." But, given Anderson's own admission that the odds were "extremely low" and testimony in the record that the probability was "vanishingly small," Anderson has not presented any evidence from which a jury could find that Brau's statement "caused him any damage." *Atria*, 142 F. App'x at 256. Accordingly, summary judgment was appropriate on this claim as well.

For these reasons, we affirm the district court's judgment.

HELENE N. WHITE, Circuit Judge (concurring in part and dissenting in part). I agree with the majority that the University was entitled to summary judgment as to Anderson's claims related to his original hearing and appeal and his second hearing. I respectfully dissent from the majority's determination that the University was entitled to summary judgment as to Anderson's claims related to his second appeal.

The majority concludes that there is no genuine issue of material fact regarding Anderson's claim that portions of his second appeal petition were improperly dismissed, reasoning that the relevant procedural rules give the Board Chair the authority to unilaterally dismiss a petition, or parts of a petition, without forwarding them to a Board panel. But Anderson does not dispute that Brau, the Board Chair, was authorized to perform this gatekeeping function. Rather, he argues that Brau did not apply the proper standard when he did so.

I would conclude that Anderson has raised an issue of material fact in this regard. The record reflects that Brau did not simply determine whether the arguments raised in Anderson's petition "set forth a basis sufficient to provide the relief sought," as provided for by the Board's procedures. Rather, Brau dismissed portions of the petition for reasons unrelated to their merit, such as Anderson's failure to explicitly state that he was challenging the Honor Council's decision on procedural grounds. The Board's procedures, however, do not require petitions to be in a particular format or to include a statement of issues. Accordingly, as in *Atria v. Vanderbilt Univ.*, 142 F. App'x 246, 255-56 (6th Cir. 2005), there is an issue of material fact as to whether the University violated its own rules by dismissing portions of Anderson's petition on these grounds.

Similarly, I do not agree that the University is entitled to summary judgment on Anderson's claim that Brau violated Board procedures by informing panel members that the statistical likelihood

of Anderson's test results was less than one in two billion, a figure that Brau arrived at through his own calculations and that was not presented to the Honor Council. The relevant procedural provision prohibits the Board from considering evidence that was not presented to the original hearing authority. Accordingly, I would conclude that an issue of material fact exists as to whether the University complied with its own rules in this regard. *See id.*

In light of these genuine issues of material fact, I would reverse the grant of summary judgment on these claims and remand the case to the district court for further proceedings.